* FAIRCLOTH, J., being a stockholder in defendant company, did not sit on the hearing of this case.
In an action pending in Guilford an order was made appointing John Hughes receiver of defendant company, and the property thereof was delivered over to him. This motion was made by the plaintiffs to remove said receiver upon the ground that Craven Superior Court having first taken jurisdiction of the subject-matter, had the right to appoint the receiver, and was entitled to unobstructed control thereof as against any coordinate tribunal. Upon the hearing the motion was refused, and the plaintiffs appealed.
During the pendency of this action (the decision in which is reported in this volume, ante, 289) the plaintiffs moved in the Superior Court of Craven for an order removing John Hughes, who had been appointed receiver of the railroad company by the judge of the *Page 222 
Superior Court of Guilford in an action begun in said court by Julius Gray, and for the appointment of another receiver in the place (298) of Hughes. The motion was refused, and the plaintiffs appealed to this Court.
The question whether the Superior Court of Guilford had jurisdiction to appoint a receiver in the action begun by Gray, and had a legal ground for doing so, does not directly arise in this case, and need not be considered here. Whether, after such action by the Superior Court of Guilford, supposing it to have been within its jurisdiction, the Superior Court of Craven could remove the receiver so appointed and appoint another in his place by virtue of the jurisdiction previously acquired over the subject-matter by the institution of this suit, is a question of very great importance, and which we are unwilling to decide unless in a case in which a decision is necessary to protect some substantial right. It is not necessary in this case, as it appears that after the appointment of Hughes as receiver he was duly elected president of the railroad company, which office he still fills. If, therefore, this Court thought proper to decide the question, and decided it adversely to the continuance of Hughes in the receivership, the only result would be an order requiring him to turn over the property of the company to himself as president.
For this reason, without expressing here any opinion upon the questions raised by the motion, we affirm the order of the judge below refusing it.
PER CURIAM. Affirmed.
(299)